**William KOOPMAN, Plaintiff,**

**and**

**Maury Rosenberg, George A. Bleyle, Jr., Robert C. Seits, Ronald L. Blash, Charles M. Adams, Darrell A. Rader, John W. Traeger, Jr., William A. Mullen, Nicholas J. Dicicco, Gale M. Nelson, Thomas B. Mezger, Wesley P. Fetzer, Mark Lund, Stephen H. Church, Gaetan A. Passannante, Douglas R. Lund, Kenneth N. Olson, Leslie A. Kero, Richard W. Mitchell, Proctor W. Lucius, Jr., Kevin L. Dillon, Philip R. Simon, and Joe Gerkin, Plaintiffs–Appellants,**

**and**

**Louis J. Balestra, Jr., Plaintiff,**

**v.**

**UNITED STATES, Defendant–Appellee.**

Nos. 2010–5044, 2010–5045, 2010–5046, 2010–5047, 2010–5048, 2010–5049, 2010–5050, 2010–5051, 2010–5052, 2010–5053, 2010–5054, 2010–5055, 2010–5056, 2010–5057, 2010–5058, 2010–5059, 2010–5060, 2010–5061, 2010–5062, 2010–5063, 2010–5064, 2010–5065, 2010–5070.

United States Court of Appeals, Federal Circuit.

March 24, 2010.

Before MICHEL, Chief Judge, FRIEDMAN and LINN, Circuit Judges.

## ORDER

PER CURIAM.

Upon review of the above-captioned recently docketed appeals, we determine that the appeals must be dismissed for lack of jurisdiction.

William Koopman, pro se, filed a complaint with the United States Court of Federal Claims in which he also purported to represent approximately 160 other retired United Airlines pilots. The United States moved to strike all named plaintiffs other than Koopman and to dismiss all claims other than Koopman's own tax refund claim. The Court of Federal Claims granted the motions. The court noted, inter alia, that Koopman could not as a pro se individual represent the other plaintiffs but that the other plaintiffs must represent themselves or be represented by counsel. The Court of Federal Claims also granted the United States' motion that Koopman be required to provide a more definite statement of his claims. No final judgment has been entered. Twenty-four purported plaintiffs filed notices of appeal, seeking review of the Court of Federal Claims' order. One of those plaintiffs subsequently withdrew his appeal. None of the individuals paid the required docketing fee.

This court has jurisdiction to review a "final decision" of the Court of Federal Claims. 28 U.S.C. § 1295(a)(3). Because the Court of Federal Claims has not issued a final judgment or a judgment certified pursuant to Rule 54(b) of the Rules of the Court of Federal Claims, we lack jurisdiction to review these appeals and they must be dismissed. We also dismiss the appeals for failure to pay the docketing fees. Fed. Cir. R. 52(d).

Accordingly,

IT IS ORDERED THAT:

The above-captioned appeals are dismissed for lack of jurisdiction and for failure to pay the docketing fees.